### DEMETRIO ROSALES, JR. V. THE STATE.

No. 10436.   Delivered December 8, 1926.

**Rape—Evidence—Cross-Examination of Prosecutrix—Properly Excluded.**

Where, on a trial for rape, prosecutrix having testified that the first act of intercourse with appellant occurred in the month of November, 1924, there was no error in refusing to permit appellant on cross-examination to ask her whether or not she would have consented, had appellant sought to have intercourse with her in August, 1924.   The issue as to what prosecutrix would have done was immaterial.

Appeal from the District Court of Atascosa County.   Tried below before the Hon. Covey C. Thomas, Judge.

Appeal from a conviction for rape, penalty five years in the penitentiary.

The opinion states the case.

*J. R. Garnand* and *H. D. Barrow* of Jourdanton, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

BAKER, JUDGE.—The appellant was convicted in the District Court of Atascosa County of the offense of rape, and his punishment assessed at five years in the penitentiary.

The record discloses that the indictment was filed on October 19, 1925, and charged the appellant with rape upon Corina Contreras on or about the 1st day of May, 1925, she then and there being under the age of 18 years.   The prosecutrix testified that the first act of intercourse took place in the month of November, 1924, and that they continued to have intercourse thereafter at intervals until the following August.   The appellant testified that the first act of intercourse took place in the month of April or May, 1924.

In bill of exception No. 1 complaint is made to the refusal of the court to permit the appellant, on cross-examination of

the prosecutrix, to ask her if she would have consented had the appellant sought to have intercourse with her in August. The state objected to said testimony on the ground that it called for a conclusion on the part of the witness as to what she would have done under other conditions and circumstances, which objection was sustained by the court. This bill shows no error. The issue as to what the prosecutrix would have done is immaterial; the vital issue is what she actually did with reference to the matter in question.

Bills 2 and 5, as presented, show no error.

In bill of exception No. 6 complaint is made to the action of the court in permitting the state, on cross-examination, to question the appellant concerning the mental condition of one of his witnesses. We think this bill, as presented, shows no error.

After a careful examination of the ·entire record, we are of the opinion that the judgment of the trial court should be affirmed, and it is accordingly so ordered.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.